# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Frank R. Misak<br>Lisa K Misak<br>          Debtors | CHAPTER 13 |
| PNC Bank, National Association<br>          Movant<br>vs. | NO. 16-12100 ELF |
| Frank R. Misak<br>Lisa K Misak<br>          Debtors | 11 U.S.C. Section 362 |
| William C. Miller, Esq.<br>          Trustee | |

## STIPULATION RESOLVING SECURED CREDITOR'S OBJECTION TO DEBTORS' CHAPTER 13 PLAN

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. PNC Bank, National Association (Movant) is the holder of a first mortgage on the real property known as 120 10th Street, Akron, PA 17501.

2. Debtors filed a Chapter 13 Plan on April 19, 2016 listing pre-petition arrears in the amount of $12,000.00 to be paid to Movant.

3. Movant filed a Proof of Claim on August 18, 2016 listing pre-petition arrears in the amount of $22,726.59.

4. Movant filed an Objection to Debtors' Chapter 13 Plan on August 22, 2016 due to insufficient arrears.

5. Debtors' filed an Amended Chapter 13 Plan on August 29, 2016 indicating a proposal to cure the pre-petition arrears of $22,726.59 with a down payment in the amount of $10,000.00 and the remaining balance of $12,726.59 to be paid over the life of the Chapter 13 Plan.

6. Movant's counsel is currently in receipt of a Cashiers Check in the amount of $10,000.00 which will be applied toward the pre-petition arrears upon the entry of an Order granting this Stipulation.

7. Both parties are in agreement that the remaining balance of pre-petition arrears set forth in Movant's Proof of Claim are to be paid through the remainder of the Chapter 13 Plan once confirmed. Within thirty (30) days of the entry of this Order, Movant shall file an Amended Proof of Claim to reduce the pre-petition arrearage amount to reflect application of the $10,000.00 payment reference in paragraph 6 above.

8. Both parties are in agreement that Debtors' Amended Chapter Plan filed August 29, 2016 may be confirmed without objection upon hearing currently scheduled for November 1, 2016 even if an Amended Proof of Claim has not yet been filed by that date.

9. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

10. The parties agree that a facsimile signature shall be considered an original signature.

Date: October 28, 2016

By: /s/ Joshua I. Goldman, Esquire
Joshua I. Goldman, Esquire
Attorneys for Movant
KML Law Group, P.C.
Main Number: (215) 627-1322

Date: 10/31/2016

Alaine V. Grbach Esq.
Attorney for Debtors

Approved by the Court this _____ day of _____, 2016. However, the court retains discretion regarding entry of any further order.

_____
Bankruptcy Judge
Eric L. Frank